**Diana S. SUVANNUNT,**
**Plaintiff–Appellant,**

v.

**Tommy G. THOMPSON, Secretary of the Department of Health and Human Services, Food and Drug Administration, Defendant–Appellee.**

**No. 02–2797.**

United States Court of Appeals,
Seventh Circuit.

---

234

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

ORDER

In 1992, Diana Suvannunt accepted a two-year staff fellowship with the Food and Drug Administration's Center for Food Safety and Applied Nutrition. When her fellowship was cut short in August 1993, Suvannunt sued the FDA, claiming that she had been discriminated against because of race, sex, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

Suvannunt's allegations focused on the behavior of her supervisor, Larry Maturin, and of a laboratory co-worker, Ravinder Reddy. She claimed that Maturin had improperly placed Reddy in charge of the project on which she was working; that Maturin did not allow her (but did allow Reddy) to attend a technical training seminar; that Maturin did not meet his obligation to give her an annual performance appraisal; that Reddy sexually harassed her by touching and grabbing her arm; that Maturin took away her office keys and office telephone without justification; and that her appointment was unjustly terminated.

Under the *McDonnell Douglas* burden-shifting analysis, a plaintiff alleging Title VII discrimination needs to show that (1) she is a member of a protected group; (2) she was meeting her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) other employees who are not members of the protected group were treated more favorably. If the defendant can nevertheless articulate a non-discriminatory reason for the action, the plaintiff must show that reason to be pretextual. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817,

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

36 L.Ed.2d 668 (1973); *Gordon v. United Airlines, Inc.,* 246 F.3d 878, 885–86 (7th Cir.2001). Proceeding under this method, the district court analyzed each of Suvannunt's claims and concluded that she had failed to meet her burden. The court therefore granted summary judgment for the FDA.

Suvannunt now insists that the court's conclusions were incorrect and biased. She devotes her brief to reciting the numerous slights and injustices she says she suffered at the FDA, and to expressing her disagreement with the court's resolution of her claims. But general assertions of error are not enough, even for a pro se litigant. *See Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). To prevail on appeal, Suvannunt needs to demonstrate that she actually did meet the requirements of the *McDonnell Douglas* test. Her brief contains no such analysis and therefore fails to call into question the district court's conclusion. To cite just one example, Suvannunt begins her brief by listing a number of incidents that she believes contributed to a hostile work environment, but she neither addresses nor refutes the district court's conclusion that the complained-of behavior "cannot be described as so severe or pervasive that it altered the conditions of [her] employment and created an abusive working environment." Each of Suvannunt's other assertions of error similarly fails to present a meaningful argument. Finding no obvious error in the district court's order, we AFFIRM the grant of summary judgment.